UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

STEPHANIE HALES,

    Plaintiff,

vs.

PALM BEACH COUNTY o/b/o
THE OFFICE OF THE PUBLIC DEFENDER
15TH JUDICIAL CIRCUIT,

    Defendant.
_____/

## **COMPLAINT**

COMES NOW, Plaintiff, STEPHANIE HALES, by and through her undersigned counsel, and sues the Defendant, PALM BEACH COUNTY o/b/o THE OFFICE OF THE PUBLIC DEFENDER 15TH JUDICIAL CIRCUIT, and alleges as follows:

## **INTRODUCTION**

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA").

## **JURISDICTION AND VENUE**

2. The Court has jurisdiction over their controversy based upon the FMLA, and venue is proper as all acts described herein occurred within this judicial district.

## **PARTIES**

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA.

5. At all times material hereto, Defendant is Palm Beach County on behalf of the Office of the Public Defender 15th Judicial Circuit, doing services in this judicial district, was the former employer of the Plaintiff, and is an employer as defined by the FMLA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action.

## STATEMENT OF FACTS

7. Plaintiff was hired by the Defendant's office on October 1, 2018.

8. From this time onward, her job duties were that of a case opener in which she was required to work 9:00AM through 5:00PM, Monday through Friday in exchange for a monthly payment totaling $2,333.33, totaling a yearly payment of $28,000.00.

9. During this time there did not appear to be any issues with Plaintiff's work performance until September of 2019, when Defendant informed Plaintiff about missing work due to her entitled leave.

10. However, after notifying Plaintiff in September of 2019 of this issue, she corrected all of her work performance and attendance issues.

11. Further, Plaintiff was never informed that her work performance or her attendance was a problem during the months of October, November, December, January, or even the first part of February 2020, leading up to her unlawful termination.

12. Notably, during the month of December 2019, Plaintiff applied for leave under the FMLA, in order to tend to and take care of her daughter who requires medical treatment.

13. As a result, on January 9, 2020, Plaintiff was approved for FMLA benefits, which allowed her to seek leave from work two (2) days per week for a total of eight (8) hours per day – a total of sixteen (16) hours per week.

14. Once approved for FMLA, Plaintiff notified her supervisor, Elsa Lopez of her FMLA leave.

15. Unfortunately, in response to Plaintiff's eager need to take care of her child and seek the leave afforded to her under FMLA, Defendant instead decided to terminate her.

16. On February 20, 2020, Ms. Lopez called Plaintiff into her office and handed her a termination letter.

17. Egregiously, Ms. Lopez advised Plaintiff that she was being terminated because she was seeking FMLA leave, would not be able to work full time, and that the Defendant would need someone that could work full time.

18. Subsequently, Plaintiff was forced to apply for unemployment benefits, yet the Defendant wrongfully informed the Department of Economic Opportunity ("DOE"), that Plaintiff was fired for cause regarding absentee issues – resulting in Plaintiff being disqualified from seeking unemployment benefits.

19. Due to this inaccurate and wholly wrong allegation, Plaintiff was required to seek legal counsel and appeal the DOE's decision.

20. As a result, a hearing was commenced in which it was provided that Plaintiff did not have any performance issues or attendance issues for the months of October, November, December, January, or February of 2020.

21. Further, it was stated by the Defendant, that Plaintiff even provided notice for when she was seeking to take time off for leave that she was entitled to.

22. As a result, the DOE provided their determination that Plaintiff was approved for FMLA leave and was discharged for reasons other than misconduct connected with work.

23. Plaintiff had her FMLA rights interfered with, and was retaliated against for pursuing those right.

## COUNT I

## FMLA INTERFERENCE

24. The Plaintiff incorporates by reference paragraphs 1-23 herein.

25. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

26. The Defendant unlawfully interfered with the Plaintiff's exercise of her FMLA rights by failing to provide leave to the Plaintiff.

27. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

28. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, STEPHANIE HALES, requests that judgment be entered against the Defendant, PALM BEACH COUNTY, for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II

## FMLA RETALIATION

29. The Plaintiff incorporates by reference paragraphs 1-23 herein.

30. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

31. As a result of this exercise of the FMLA, the Defendant intentionally, willfully and unlawfully retaliated against the Plaintiff, in violation of the FMLA.

32. That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's FMLA coverage.

33. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

34. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, STEPHANIE HALES, requests that judgment be entered against the Defendant, PALM BEACH COUNTY, for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: February 17, 2022.            Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com

                                              F.B.N.: 0851701  
                                              DAVID M. COZAD, ESQ.  
                                              david@levylevylaw.com  
                                              F.B.N.: 333920